Samuel Krane (SBN 38381)
Marc Smith (SBN 72717)
**KRANE & SMITH**
16255 Ventura Boulevard
Encino, CA 91436
Tel.:  (818) 382-4000
Fax:  (818) 382-4001
Attorneys for Plaintiffs and Counter Defendants
MARK BAKER and ECLIPS, LLC and Cross-
Defendant LANE STEVENS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAKER, an individual; and ECLIPS, LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br>v.<br><br>VARITALK, INC., a Delaware Corporation; FREDERICK LOWE, an individual; DEREK GOLDBERG, an individual; STEPHEN DRIMMER, an individual; ANTHONY JAMES, an individual; and GUY DAVIS, an individual,<br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | **Case No.: CV07-6622 VBF (FFM)**<br><br>[Honorable Valerie Baker Fairbank, U.S. District Judge]<br><br>[~~PROPOSED~~]<br><br>**DISCOVERY PROTECTIVE ORDER**<br><br>[Submitted To The Honorable Frederick F. Mumm, U.S. Magistrate Judge]<br><br>[Revised Pursuant to Directions At February 24, 2009 hearing.] |

1   The Court, having reviewed the Plaintiffs Mark Baker and ECLIPS, LLC's  Ex
2   Parte Application for Entry of Stipulated Protective Order and good cause appearing
3   therefore,

4   IT IS HEREBY ORDERED, as follows:

5   1.   <u>Designation of Materials as "CONFIDENTIAL," "HIGHLY</u>
6   <u>CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY</u>
7   <u>CONFIDENTIAL — SOURCE CODE"</u>

8   Any party or third party witness or entity in this action (hereinafter "the
9   designating party") shall have the right to designate as "CONFIDENTIAL,"
10  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY
11  CONFIDENTIAL — SOURCE CODE" any document, deposition, information or
12  other form of evidence or discovery the party or third party witness or entity believes,
13  in good faith, embodies, contains or reflects such information.

14  a.  "CONFIDENTIAL INFORMATION" means information or other form
15  of evidence or discovery the party or third party witness or entity believes, in good
16  faith, embodies, contains or reflects confidential information that is used by it in, or
17  pertaining to, its business, which information is not generally known and which that
18  party would normally not reveal to third parties or, if disclosed, would require such
19  third parties to maintain in confidence, including without limitation, research,
20  development, commercial, financial or personnel information.

21  b.  "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" means
22  "CONFIDENTIAL INFORMATION" of a commercially sensitive nature that a
23  producing party or producing third party determines in good faith is likely to cause
24  significant competitive harm to its existing or prospective commercial relationships if
25  disclosed to third parties, including, but not limited to, unpublished pending patent
26  applications, foreign or domestic; non-public financial, marketing, strategic,
27  organizational, operational, or competitive information, and may include any
28  information that includes "source code" as defined hereinbelow;

c. "HIGHLY CONFIDENTIAL — SOURCE CODE" means "CONFIDENTIAL INFORMATION" that is limited solely to source code and object code, software tools, and design documents containing algorithms for the foregoing. For the avoidance of doubt, "source code" includes, but is not limited to, source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files. Source code also may include CAD software and similar three-dimensional representations programmed into a computer for display on a screen. Information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" may only be used and disclosed as provided in this Protective Order.

2. <u>Restriction on Use and Disclosure of Designated and Non-Designated Materials</u>

No documents, information or things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE," nor any information derived therefrom, shall be disclosed to any person or entity except as set forth in paragraphs 6, 7, 8, 9 and 10 of this Order. No person shall use any material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE," or any information derived therefrom, for any purpose other than to assist outside counsel of record in the preparation and trial for this action. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any such designated material.

3. <u>Marking of Designated Materials</u>

A designation as to documents shall be made by placing a legend on each page of any document that a designating party wishes to protect against unauthorized use or disclosure. In the event that compilations of information are produced on computer systems or databases, such information shall be treated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information pending the

production of specific documents from such databases and systems at which time the documents will be formally designated. The legend shall substantially state: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE." All documents to be so designated shall be marked prior to the provision of a physical copy thereof to a receiving party. The designation as to things as to which inspection or sampling has been requested shall be made by placing a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE" legend in the form described above on the thing or the container within which it is stored. By agreement of counsel for the parties, documents may be made available for initial inspection by counsel for the requesting or receiving party prior to the furnishing party producing copies of selected items. In such cases, documents shall be inspected only by counsel for the receiving party permitted access to anything designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." The furnishing party shall then have an opportunity to designate and mark the documents as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE," pursuant to the provisions of this Order, prior to furnishing copies to the receiving party. Such initial inspection shall not constitute a waiver of the attorney-client privilege, work product immunity or confidentiality with respect to any document so inspected but not ever "produced". If any document(s) is (are) produced in electronic format, the file structure of said electronic document(s) shall be designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — SOURCE CODE" pursuant to the provisions of this Order, to the same extent as the underlying document(s) has (have) been so designated. For the avoidance of doubt, if a document(s) is (are) marked "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL — SOURCE CODE" the name of the file

1   containing the electronic copy (ies) of said document(s) shall also be kept strictly
2   CONFIDENTIAL pursuant to the provisions of Paragraphs 7 and 8 of this Order.

3       4.    Designation of Deposition Testimony

4       Any party or deponent may unilaterally designate portions of a deposition
5   transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'
6   EYES ONLY," provided such designation is either (a) made on the record during the
7   deposition in which case the transcript of the designated testimony shall be bound in a
8   separate    volume    and    marked    either    "CONFIDENTIAL"    or    "HIGHLY
9   CONFIDENTIAL — ATTORNEYS' EYES ONLY" by the reporter or (b) made by
10  written notice to all counsel of record, given within ten (10) business days after a final
11  deposition transcript is received by the deponent or his counsel, in which case all
12  counsel receiving a transcript shall be responsible for marking the copies of the
13  designated transcript in their possession or under their control as directed by the
14  designating party.  Pending the expiration of ten (10) business days after a final
15  deposition transcript is received by the deponent or his counsel, all parties shall treat
16  the deposition testimony and transcript as if it has been designated "HIGHLY
17  CONFIDENTIAL — ATTORNEYS' EYES ONLY."  The designating party shall
18  have the right to have all persons, except the deponent and his counsel, outside
19  counsel of record for named parties, the court reporter and such other persons as are
20  permitted to see the designated material under 6 and 7 hereof, excluded from a
21  deposition, or any portion thereof, before the taking therein of deposition testimony
22  which the designating party designates under this Order.

23      5.    Filing Designated Materials

24      Any materials which are filed with the Court for any purpose and which are
25  designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS'
26  EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be filed in
27  accordance with Central District of California Local Rule 79–5.1.
28      / / /

DISCOVERY PROTECTIVE ORDER

6.    <u>Access to "CONFIDENTIAL" Materials</u>

Material designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i)    The Court (including appellate courts), arbitrators, and mediators, and the personnel of any of the foregoing;

(ii)    Counsel to all parties in this litigation, including counsel of any party's members, affiliates or investors and the counsel's regular and temporary employees and service vendors;

(iii)    Author(s), addressee(s), and recipient(s) of the designated information;

(iv)    Officers, directors, and employees of any of the parties to this litigation or their members, affiliates or investors that are assisting counsel in the prosecution or defense of this litigation or whom counsel must advise concerning the status of this litigation;

(v)    Any person who is expressly retained or sought to be retained by a Party as a consultant or as a testifying expert, provided that "CONFIDENTIAL" information shall be disclosed to any such person only to the extent necessary for that person to perform his or her work in connection with this action;

(vi)    Actual or potential deponents or witnesses in this action, and their counsel, during the course of their deposition or testimony or, to the extent necessary, in preparation for such depositions or testimony;

(vii)    Stenographers and videographers engaged to transcribe depositions conducted in this action.

7.    <u>Access to "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Materials</u>

All information designated with this legend, and all information derived from the information so designated (excluding such information as is derived lawfully from an independent source without reference to, or use of, the Confidential Information of

a Party), shall be used only for the purposes of this action, and not for any business, commercial, patent prosecution, or other purpose whatsoever.  Material designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i)    Then current outside litigation Counsel of Record for the parties in this action of the law firms that have made appearances in this action whose duties and responsibilities require access to confidential information;

(ii)    the regularly employed office staffs and outside vendors for the then current outside litigation Counsel of Record for the parties who are performing legal and other related support services in connection with this action;

(iii)    Any person who is expressly retained or sought to be retained by a Party as a consultant or as a testifying expert, provided that such "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information shall be disclosed to any such person only to the extent necessary for that person to perform his or her work in connection with this action;

(iv)    With respect to any particular document that has been designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information, the author or addressee of that particular document, as well as any person who prepared or reviewed that document prior to the date this action was filed;

(v)    Any person who is designated to receive "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information by Order of the Court or by written stipulation of the Parties;

(vi)    The Court, court personnel, any court or deposition reporters used in connection with this action, and any such reporter's support personnel; and

(vii)    Outside litigation support vendors, including commercial photocopying vendors, scanning service vendors, coders and keyboard operators.

/ / /

8.   <u>Access to "HIGHLY CONFIDENTIAL — SOURCE CODE" Materials.</u>

All information designated with this legend, and all information derived from the information so designated (excluding such information as is derived lawfully from an independent source without reference to, or use of, the Confidential Information of a Party), shall be used only for the purposes of this action, and not for any business, commercial, patent prosecution, or other purpose whatsoever.  Such information shall not be Communicated to any person or entity other than:

(i)   (i)   Then current outside litigation Counsel of Record for the parties in this action, including the counsel's regular and temporary employees and service vendors, that have made appearances in this action whose duties and responsibilities require access to confidential information, and whose duties do not include preparing and prosecuting patent applications for the parties in this action;

(ii)   Any person who is expressly retained or sought to be retained by a Party as a consultant or as a testifying expert, provided that such "HIGHLY CONFIDENTIAL — SOURCE CODE" information shall be disclosed to any such person only to the extent necessary for that person to perform his or her work in connection with this action;

(iii)   With respect to any particular document that has been designated as "HIGHLY CONFIDENTIAL — SOURCE CODE" information, the author of that particular document, as well as any person who prepared that document prior to the date this action was filed;

(iv)   Any person who is designated to receive "HIGHLY CONFIDENTIAL — SOURCE CODE" information by order of the Court or by written stipulation of the Parties;

(v)   The Court, court personnel, any court or deposition reporters used in connection with this action, and any such reporter's support personnel, but only to the extent their responsibilities require access to such confidential information; and

/ / /

(vi) Outside litigation support vendors, including commercial photocopying vendors, scanning service vendors, coders and keyboard operators, but only to the extent their responsibilities require access to such confidential information.

9. <u>Procedure for Seeking Additional Disclosures</u>

Prior to any disclosure of material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE," other than as provided in 6, 7, and 8 above, counsel desiring to make such disclosure shall provide written notification to counsel for the designating party of the desire to make such disclosures, stating therein the specific material to be disclosed and the name, address, and position of the person to whom it is intended that disclosure be made. Disclosure to the person or persons so identified shall not be made until agreement of the designating party is obtained. However, if the designating party does not convey an objection to the proposed disclosure within five (5) business days of receipt of the written notification, the designating party will be deemed to have waived objection to the disclosure and its agreement will be assumed. If within five (5) business days of receipt of the written notification, the designating party gives written notification of its objection to the disclosure to counsel desiring to make the disclosure, the proposed disclosure is forbidden until such time as the requesting party obtains a court order permitting such disclosure.

10. <u>Protective Order Acknowledgement</u>

Except by written consent of the Designating Party, each person (other than the attorneys of record, their respective legal assistants, staff, and outside vendors, and court personnel) to whom Information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE" may be disclosed under this Protective Order shall be provided with a copy of this Protective Order and shall certify in the PROTECTIVE ORDER ACKNOWLEDGEMENT (attached as Exhibit A), prior to

the time he or she receives such designated information in any form whatsoever, that he or she has carefully read this Protective Order and fully understands its terms and will be bound by its terms.   Counsel disclosing information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE" to any such person shall retain the original executed copy of the PROTECTIVE ORDER ACKNOWLEDGEMENT and is required to disclose the executed copies to opposing counsel only upon order of the Court.

   11. <u>Disclosure of Designated Material to Experts Specifically Retained For The Purposes of this Litigation</u>

   Prior to any disclosure by a party of material designated as either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE," by a designated party to any person specified in subsections 6 (v), 7 (iii), 8 (ii), counsel desiring to make such disclosure shall provide written notification to counsel for the designating party of the desire to make such disclosure, stating therein the name, address and position of the person to whom it is intended that disclosure be made together with a current curriculum vitae including a list of all companies for which such person has consulted during the last three (3) years.  Disclosure to the person or persons so identified shall not be made until five (5) business days after a copy of the PROTECTIVE ORDER ACKNOWLEDGEMENT (attached as Exhibit A) signed by the person to whom it is intended that disclosure be made has been provided to the designating party.  If the designating party does not convey an objection to the proposed disclosure within five (5) business days of receipt of the written notification, the designating party will be deemed to have waived objection to the disclosure and its agreement will be assumed. If within five (5) business days of receipt of the written notification, designating party gives written notification of its objection to the disclosure to counsel desiring to make the disclosure, the party seeking disclosure shall thereafter be permitted to file a

motion to permit such disclosure and the proposed disclosure will be forbidden until such time as the party seeking disclosure obtains a court order permitting such disclosure.  Any such motion shall be made in compliance with Local Rules 37-1 and 37-2. Should the Court find that the position of the designating party opposing such disclosure is not made in good faith, the Court may award to the party seeking disclosure attorneys fees and other costs incurred in making the motion to permit disclosure.

12.    Retention of Confidential Materials

All materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE," and any and all copies of reproductions thereof, shall be retained (except as otherwise provided in paragraph number 14 hereof) as follows:

(i)    Materials designated "CONFIDENTIAL" are to be retained by the persons listed in subparagraphs (i) and (iii) of paragraph 6 hereof;

(ii)    Materials designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" are to be retained by the persons identified in subparagraph (i) of paragraph 7 hereof;

(iii)    Materials designated "HIGHLY CONFIDENTIAL — SOURCE CODE" are to be retained by the persons identified in subparagraph (i) of paragraph 7 hereof; and

(iv)    Independent experts authorized to view designated materials under the terms of this Order may retain custody of copies of such materials as may be necessary for their participation in this litigation.

13.    Production and Review of Source Code.

(i)    Production of Source Code.    To the extent that materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE" are produced in this action, the materials shall be produced in native electronic format and access to such materials will be given only to those individuals for the Receiving Party who are

authorized under this Order to have access to information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," and only on "stand-alone" secured systems (i.e., computer systems not connected to a network or the Internet).   The secure computers will be maintained, and the Receiving Party may only review the produced code, as follows:  (i) for Plaintiff's produced code, at the offices of Hankin Patent Law and Ralph Schindler & Robert Gray, and (ii) for Defendant's produced code, at the office of Krane & Smith.  Each secure computer system shall be password protected. The Receiving Party may upload only one copy of any "HIGHLY CONFIDENTIAL – SOURCE CODE" information onto the secure computer as described above, and will maintain the production disks or external hard drive in a secure environment and not use them or provide anyone access to them for any purpose except as set forth herein.  Each secure computer system shall be maintained in a secured area at the Receiving Party's office, and except for building security personnel, only those individuals who are authorized under this Order to have access to information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall have access to such secured area.   The parties may install any source code analysis tools, applications, and/or utilities on the secure computer systems that they deem necessary or desirable in order to permit authorized individuals to analyze the produced source code.

(ii)    Review of Source Code.   The Receiving Party's consultant or testifying experts shall not alter, dismantle, disassemble or modify the secure computer in any way, and shall not attempt to circumvent any security feature of the computer.

(iii)    No copies of the source code shall be removed from the secured computer system, except for: (i) a reasonable volume of excerpted written or printed portions of the source code for use in, or in preparation for, arbitration filings or proceedings, expert analysis or reports, and depositions of persons or entities permitted to access "HIGHLY CONFIDENTIAL – SOURCE CODE" material, (ii)

output files generated by any source code analysis tools, applications, and/or utilities, provided that the volume of such output files will count towards the reasonable volume noted immediately above, and (iii) such other uses to which the Parties may agree or the Tribunal may order.  Any printed copies of source code shall be clearly labeled by the Receiving Party "HIGHLY CONFIDENTIAL – SOURCE CODE" on each page and shall be securely maintained by the Receiving Party's Outside Counsel and/or the Receiving Party's consultant(s) and testifying expert(s), shall be printed on paper that is non-white and numbered (whether "Bates-labeled" or some other means), and shall be destroyed as soon as they are no longer needed.

(iv)   A written log shall be maintained by the Receiving Party's Outside Counsel and/or the Receiving Party's consultant(s) and testifying expert(s) for all printed copies of source code or any portion thereof, including output files.  The log shall record the date, the number of lines printed, and the identity of the person who created the printed copies.  The Receiving Party must also keep any copied source code in a secured container or location at all times.

(v)   Should the Review procedures described herein become unduly burdensome or impracticable to the Parties, the Parties shall timely confer in good faith with a view to modifying these Review procedures.

Each Party recognizes that misuse or unauthorized disclosure of the other Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information may substantially impair the value of the such information and could also cause irreparable harm to the Designating Party.  Each Receiving Party and its Outside Counsel shall be responsible for any misuse or unauthorized disclosure of the other Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information to the extent any insufficient security measures of the Receiving Party or its Outside Counsel lead to such misuse or unauthorized disclosure, and as otherwise set forth herein.

14.   Discovery Sought By Non-Parties

In the event that either party having possession, custody or control of any materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE," by the other party receives a subpoena or other process or order to produce materials in another, unrelated legal proceeding from a non-party to this action, such party shall promptly notify counsel for the disclosing party of the subpoena or other process or order, furnish counsel for the disclosing party with a copy of said subpoena or other process or order and cooperate with respect to all reasonable procedures sought to be pursued by the disclosing party whose interests may be affected.  The party having designated such materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE," shall have the burden of defending against disclosure of its designated materials under such subpoena, process or order.

15.   Discovery Subject to Confidentiality Obligations to Non-Parties

In the event that a Party is requested to disclose documents or information in its possession, custody or control that are subject to an obligation of confidentiality to any non-Party, said Party shall disclose the existence of the requested documents or information to the opposing Party and identify the obligation of confidentiality in its response to the request.   If the Party which has requested the documents or information decides to press for disclosure, the Party in possession, custody or control thereof shall inform the non-Party within a reasonable time thereafter that the documents or information in question will be produced under this Protective Order within ten days unless the non-Party or the Party in possession, custody or control thereof on the non-Party's behalf, files a motion to preclude the disclosure pursuant to Local Rules 37-1 and 37-2.   A non-Party asserting a confidentiality interest in documents or information in the control of a Party may, at its option, condition its assent to disclosure thereof by requiring that such documents or information be

1  designated by the Furnishing Party as "CONFIDENTIAL," "HIGHLY
2  CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL
3  – SOURCE CODE," pursuant to this Order.

4        16.   <u>Inadvertent Production of Privileged Materials</u>

5        It is agreed that inadvertent production of documents or information subject to
6  the attorney-client privilege or work product immunity does not waive the attorney-
7  client privilege or work-product immunity with respect to such production or with
8  respect to other materials or information referred to in the materials produced if a
9  request for return of such documents or information is made promptly after the
10 disclosing party learns of its inadvertent production.  Such inadvertently produced
11 privileged documents or information (and all related notes and information) must be
12 destroyed by the receiving party or returned to the disclosing party within ten (10)
13 days after receiving notice of the inadvertent production.  In the event that the
14 receiving party destroys the inadvertently produced documents or information, a
15 written confirmation of such destruction shall be promptly provided to the producing
16 party.  Nothing in this paragraph shall prejudice the right of any party to seek
17 discovery of communications, documents and things as to which a claim of privilege
18 has been made.

19       17.   <u>Disposition of Designated Materials at Conclusion of Case</u>

20       Within sixty (60) days of the adjudication or resolution through settlement of
21 the claims at issue herein, unless otherwise agreed to in writing by an attorney of
22 record for the designating party, each party shall assemble and return all material,
23 including all copies and extracts thereof, to the party or third party witness or entity
24 from whom the designated materials were obtained.  The party or parties receiving
25 "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES
26 ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE" materials may keep
27 their attorney work product which refers or relates to any "CONFIDENTIAL,"
28 "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY

1   CONFIDENTIAL — SOURCE CODE" materials.  Attorney work product may be
2   used in subsequent litigation provided that such use does not disclose or use
3   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES
4   ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE" material or any
5   information contained therein.

6        18.   <u>Miscellaneous Provisions</u>

7        (i)   This Protective Order shall be without prejudice to the right of
8   either party to bring before the Court at any time the question of (a) whether any
9   particular information is or is not confidential; or (b) whether any particular
10  information is or is not relevant to any issue of this case.  Upon such hearing, the party
11  asserting confidentiality or relevance shall have the burden of establishing the same.

12       (ii)   Neither the taking of any action in accordance with the provisions
13  of this Protective Order, nor the failure to object thereof, shall be construed as a
14  waiver of any claim or defense in this action.  Moreover, neither the failure to
15  designate information in accordance with the Protective Order nor the failure to object
16  to a designation at a given time shall preclude the filing of a motion at a later date
17  seeking to impose such designation or challenging the propriety thereof.  The entry of
18  this Protective Order shall not be construed as a waiver of any right to object to the
19  furnishing of information in response to discovery or to object to a requested
20  inspection of documents or things, and, except as expressly provided, shall not relieve
21  any party of the obligation of producing information in the course of discovery.

22       (iii)   The inadvertent or unintended disclosure of materials designated
23  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES
24  ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE" by a designating
25  party, or the failure to initially designate materials as "CONFIDENTIAL," "HIGHLY
26  CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY
27  CONFIDENTIAL — SOURCE CODE" under this Order, shall not be deemed a
28  waiver of any claim for protection, provided the designating party gives prompt

1   notice, after discovery of said inadvertent or unintended disclosure or the failure to

2   initially designate, that the materials should be treated confidential in accordance with

3   the provisions of this Order. Upon such notice, the receiving party must treat the

4   materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS'

5   EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE," and must then

6   make a good faith effort to advise any person to whom such materials may have been

7   disclosed as to the change in designation and the manner in which such materials

8   should thereafter be treated.

9         (iv)   In the event any one shall violate, or threaten to violate, the terms

10   of this Order, the parties agree that the aggrieved party may immediately apply to

11   obtain injunctive relief against any violation or threatened violation, and in the event

12   the aggrieved party shall do so, the respondent, subject to the provisions of this Order,

13   shall not employ as a defense thereto any claim that the aggrieved party possesses an

14   adequate remedy at law. The parties and any other person subject to the terms of this

15   Order agree that this Protective Order shall continue to be binding after termination of

16   this litigation, except with respect to those documents and information that become a

17   matter of public record. The Court retains and shall have continuing jurisdiction over

18   the parties and recipients of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL —

19   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — SOURCE

20   CODE" materials for enforcement of the provisions of this Protective Order following

21   termination of this litigation.

22         (v)   Entry of this Order is without prejudice to any party seeking to

23   impose further restrictions on the dissemination of certain materials designated as

24   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

25   ONLY," or "HIGHLY CONFIDENTIAL — SOURCE CODE" or seeking to rescind,

26   modify, alter or amend this Order with respect to specific documents or information.

27   / / /

28   / / /

The party seeking such relief shall first attempt in good faith to resolve the matter informally. If the matter cannot be resolved, the party seeking relief may then apply for a suitable order from the Court.

(vi)    Nothing in the foregoing provisions of this Protective Order shall affect any previous protective order or shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Protective Order with respect to particular designated material.

(vii)   Notwithstanding any other provision of this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not apply or shall cease to apply to any information that:

(a) At the time of disclosure hereunder was generally known to the public as evidenced by preexisting documentary evidence, or the document containing the information is already in the public record by publication or otherwise;

(b) Since the time of disclosure hereunder has become, through no act or failure on the part of the receiving party, part of the public domain by publication or otherwise;

(c) At the time of disclosure was already in the possession of the receiving party and was not acquired directly or indirectly from the producing party or from any third party under obligation of confidence to the producing party;

(d) After disclosure hereunder was acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the producing party hereunder;

(e) The disclosing party agrees may be disclosed to a third party under no obligation of confidentiality;

(f) The disclosing party disclosed to any government entity without request for confidential treatment; or

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(g) The party claiming that he/she/it is relieved of the obligation of this Protective Order by operation of any of paragraph 19 (vii)(a-f) shall have the burden or proving that any of the provisions of paragraph 19 (vii)(a-f) apply.

**IT IS SO ORDERED.**

DATED: _March 5, 2009__            /S/ FREDERICK F. MUMM

---

**HONORABLE FREDERICK F. MUMM
UNITED STATES MAGISTRATE JUDGE**

EXHIBIT A

<u>PROTECTIVE ORDER ACKNOWLEDGEMENT</u>

I, _____, declare under penalty of perjury under the laws of the United States and California that:

1.   My address is _____

_____

2.   My present employer is _____

_____

3.   My present occupation or job description is _____

_____

_____

4.   I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order in the matter of *MARK BAKER, and ECLIPS, LLC v. VARITALK, INC., FREDERICK LOWE, DEREK GOLDBERG, STEPHEN DRIMMER, ANTHONY JAMES, and GUY DAVIS,* Case No. CV07-6622 VBF (FFM); that I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order except in accordance with the Protective Order; that I will comply with and be bound by the terms and conditions of the Protective Order; and that I hereby submit to the jurisdiction of the United States District Court for the Central District of California and the Superior Court of the State of California for the County of Los Angeles for the purposes of enforcement of the Protective Order.

5.   I understand and agree that, pursuant to the Protective Order, I am

CONFIDENTIALITY AGREEMENT

required to retain all Copies of any of the materials that I receive that have been so designated as containing Confidential Information in a container, cabinet, drawer, area or other safe place in a manner consistent with this Protective Order, that all Copies are to remain in my custody until they are to be returned or destroyed as specified in the Protective Order.  I acknowledge that such return or the destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Protective Order.

Dated: _____          _____

                                                            (Signature)

CONFIDENTIALITY AGREEMENT